**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**FRANKIE SANCHEZ,**

                     **Petitioner,**                **9:18-cv-1188
                                                                       (GLS/ATB)**

              v.

**WARDEN VERONICA
FERNANDEZ (FCI RAY BROOK),**

                     **Respondent.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**
HON. LISA A. PEEBLES          JAMES P. EGAN
FEDERAL PUBLIC DEFENDER  COURTENAY K. MCKEON
4 Clinton Square, 3rd Floor        Assistant Federal Public
Syracuse, N.Y. 13202                Defenders

**FOR THE RESPONDENT:**
HON. GRANT C. JAQUITH       THOMAS SPINA, JR.
UNITED STATES ATTORNEY    Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, N.Y. 12207

**Gary L. Sharpe
Senior District Judge**

## ORDER

    On May 2, 2019, Magistrate Judge Andrew T. Baxter issued a

Report-Recommendation (R&R), which recommends that Frankie

Sanchez's motion to vacate pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), be denied and dismissed without prejudice for lack of jurisdiction and that a certificate of appealability be denied. (Dkt. No. 9 at 16.) Pending before the court are Sanchez's objections to the R&R. (Dkt. No. 10.)

Sanchez objects to "two analytical flaws" in the R&R: (1) that the holding in *Burrage v. United States*, 571 U.S. 204 (2014) is not retroactive and (2) that *Burrage* is inapplicable because Sanchez was not subject to 21 U.S.C. § 841(b). (Dkt. No. 10 at 2, 3, 8.) Given that these objections are reiterations of arguments made in Sanchez's initial motion papers, (Dkt. No. 1 at 2 & n.1, 10-11), they are properly classified as general objections and trigger review for clear error only. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-6 (N.D.N.Y. Jan. 18, 2006).

Even if it was error to rely on the Fourth Circuit's supposed finding that *Burrage* is not retroactive,[1] (R&R at 10-11 (citing *Ashbaugh v. United*

---

[1] It does not appear that the unpublished, per curiam opinion in *United States v. Ashbaugh*, 736 F. App'x 425 (4th Cir. 2018) is germane to the underlying circumstances here. And, in any event, the court tends to agree with the Sixth Circuit's stance on the issue:

> Substantive decisions that narrow the scope of a criminal statute by interpreting its terms apply

2

*States*, 736 F. App'x 435 (4th Cir. 2018))), the court nonetheless arrives at the same conclusion given that there is no clear error with the R&R's finding that *Burrage* is inapplicable here because Sanchez was not convicted under 21 U.S.C. § 841(b)(1)(C), (R&R at 13 (citing *Torres Rodriguez v. Johnson*, No. 17-CV-1215, 2017 WL 9808666, at *2 (W.D. La. Dec. 29, 2017), *adopted by* 2018 WL 3351124 (W.D. La. July 6, 2018))).

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 9) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Sanchez's motion is **DENIED** and his application for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT**

---

> retroactively to cases on collateral review. *Burrage* fits that bill: because but-for causation is a stricter requirement than, for example, the contributing-cause rule rejected in *Burrage*, some conduct punished by 21 U.S.C. § 841(b)(1) pre-*Burrage* is no longer covered post-*Burrage*.

*Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018) (internal quotation marks and citations omitted); *see Santillana v. Upton*, 846 F.3d 779, 783-84 (5th Cir. 2017); *Krieger v. United States*, 842 F.3d 490, 499-500 (7th Cir. 2016); *Ragland v. United States*, 784 F.3d 1213 (8th Cir. 2015).

**PREJUDICE**; and it is further

**ORDERED** that no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

September 20, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

4